**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| JOHN PRYSOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| WERTHAN PACKAGING, INC. | ) JURY TRIAL |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, JOHN PRYSOCK, by and through his attorneys, alleges for his Complaint as follows:

## I. INTRODUCTION

1.      Plaintiff brings this action against WERTHAN PACKAGING, INC.

for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave

Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

## II. THE PARTIES

## A. THE PLAINTIFF

2.      Plaintiff, John Prysock, currently resides in Madison, Tennessee and is a

citizen of the United States.

3.      Plaintiff had approximately 37 years of service as an employee of Defendant.

4.      Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section

2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her

leave.

**B. THE DEFENDANT**

5.      Defendant, WERTHAN PACKAGING, INC, is a Tennessee corporation located within

the Middle District of Tennessee and is an employer within the provisions of the FMLA,

specifically under 29 U.S.C. Section 2611(4)(A), and the Tennessee Human Rights Act (THRA).

6.      At all times material to this action, Defendant has been engaged in commerce as defined

by § 2611(1) of the FMLA.

7.      The Defendant is bound by the rules and regulations of the Family and Medical

Leave Act as well as the THRA.

## III. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 (federal question jurisdiction) and supplemental jurisdiction over Plaintiff's state law claim

under the THRA.

9.      Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10.      <u>FMLA.</u>  Plaintiff has gout.

11.      The gout is serious in nature, requiring Plaintiff to be away from work at times and, thus,

Plaintiff requested and was approved for intermittent FMLA leave.

12.      Intermittent leave can be frustrating for both an employee and employer because it is

unanticipated, but it is an accepted aspect of the FMLA's goal in balancing work and the realities

of one's health.  And so it was with Plaintiff who used FMLA in accordance with the law and by

giving Defendant notice as soon as practicable.

13.      Defendant did not like Plaintiff's use of intermittent leave, or even his use of continuous

FMLA leave, and the burdens they occasionally imposed.

14.     In May of 2011, Plaintiff again used FMLA leave for his gout, alerting his supervior and manager as he was supposed to do.

15.     When Plaintiff returned in May, he received the cold shoulder from his supervisor.

16.     On or about May 12, 2011, Defendant advised Plaintiff that he allowed bad product to be issued.

17.     Plaintiff explained that he correctly followed the template for this product.  He further explained that his supervisor and quality assurance had reviewed it.  Additionally, Plaintiff's amount of bad product was less than the accepted scrap rate.  Finally, Plaintiff noted that the next-shift's employee, who did not utilize FMLA as Plaintiff did, had not caught the error either and allowed tens of thousands of bad product—a substantial amount more than Plaintiff allowed, without penalty to him.

18.     Despite these circumstances, Defendant used this incident to terminate Plaintiff's employment.  Yet the true, substantial, motivating factor—or mixed motive—in terminating Plaintiff's employment was his use of FMLA leave.

19.     <u>AGE</u>.  Plaintiff's date of birth is October 17, 1954.  He worked for Defendant for approximately thirty seven (37) years.  As such, he was one of Defendant's more senior employees.

20.     Defendant treated Plaintiff differently in discipline—including write-ups and the eventual reason for his termination (the bad product)—than it treated similarly situated younger persons, including the same person involved in the bad product incident.  In other words, Plaintiff was treated differently based upon his age, including in the termination of his employment.

21.     Defendant used the situational "opportunity" of the bad product as the means by which to

eliminate an older worker upon whom Defendant had pinned a last chance.  The true, substantial,

motivating factor—or mixed motive—in terminating Plaintiff's employment was his age.

## V. – FMLA RETALIATION

22.     Plaintiff repeats and incorporates by reference the allegations contained in

Paragraphs 1-21 herein.  By its actions alleged herein, Defendant violated the provisions of

Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the

Plaintiff for exercising his rights under the FMLA.

## VI. – AGE DISCRIMINATION UNDER THE THRA

23.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-

21 herein.  By its actions, Defendant violated the provisions of the Tennessee Human Rights Act

(Tenn. Code Ann. 4-21-101 et. seq.) by discharging Plaintiff due to age.

## VII. –DAMAGES

24.     Defendant's actions have damaged Plaintiff.  It cost him his job (wages and benefits).  It

caused him worry, anxiety, financial distress, and fear.  And Defendant's actions being willful in

nature, hardly accidental, Defendant is liable for liquidated damages under FMLA.

## VIII. PRAYER FOR RELIEF

24.     **WHEREFORE**, the Plaintiff prays for the following relief:

        A.      That proper process issue along with a copy of this complaint requiring the

Defendants to appear and answer;

        B.      That Plaintiff be awarded damages in the amount of any wages, salary,

employment benefits or other compensation, including, but not limited to back

pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or

prejudgment interest;

C.      Any actual monetary loss sustained by the Plaintiff, plus an equal amount of

liquidated damages and/or prejudgment interest;

D.      Emotional distress damages under the THRA;

E.      Reasonable attorneys' fees;

F.      The costs and expenses of this action;

G.      Such other legal and equitable relief to which Plaintiff may be entitled; and

H.      Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC


s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF